TIMOTHY SHAW, JR., & another *vs.* DANIEL W. O'BRION.

York. Opinion May 31, 1879.

*Attachment. Name. Misdescription. Abbreviation.*

The certificate by an officer to the register of deeds of an attachment of the real estate of Augustu Moulton, (the word Augustu being so written as to make it difficult to determine whether it was Augusta or Augustu) is not a sufficient compliance with R. S., c. 81, § 56, to create a valid lien upon the real estate of Augustus Moulton, when the register is thereby misled, and the only attachment appearing of record is of the real estate of Augusta Moulton.

ON REPORT.

WRIT OF ENTRY. Plaintiffs and defendant claim title from same owner.

Title of defendant depends upon the question whether a valid attachment, so as to create a lien upon the real estate of one Augustus Moulton, was made February 15, 1875, in a suit, *Daniel W. O'Brion,* administrator, v. *Augustus Moulton.* The plaintiffs claim that the attested copy of the officer's return, filed in the office of the registry of deeds, represents the names of the parties in the suit to be *Daniel W. O'Brion* v. *Augusta Moulton.*

The defendant claimed that the names of the parties, as thus represented, are *Daniel W. O'Brion* v. *Augustu Moulton,* the final " s " being left off in the name Augustus.

The presiding judge *at nisi prius,* on inspection of the paper produced in court from the registry of deeds, found and ruled that the name therein written by the officer, as defendant, was so written that he could not decide whether it was Augusta or Augustu. Said copy of return had the names *Daniel W. O'Brion* v. *Augusta Moulton,* indorsed thereon by the register, when filed, and the record of the attachment, in the book for entering and recording attachments, contained the names of said O'Brion and Augusta Moulton only as parties.

If the law court finds that a valid attachment was thus made, and lien created, on the real estate of Augustus Moulton, defendant to have judgment, otherwise judgment to be for plaintiffs; and

the parties consent that the original copy of return, filed with the register of deeds, may be by him produced and submitted for inspection by the court at the hearing.

*J. M. Goodwin & W. F. Lunt,* for the plaintiffs.

*L. S. Moore,* for the defendant, contended that the description of Moulton in the officer's return was simply a diminished one, but correct and truthful as far as it went, and was no real misdescription, because it was so patent on the face of the papers as to correct itself; and cited *Dutton* v. *Simmons,* 65 Maine, 583. *Com.* v. *Gleason,* 110 Mass. 66. *Collins* v. *Douglass,* 67 Mass. 171.

BARROWS, J. According to the agreed statement submitted by the parties the plaintiffs are entitled to judgment unless there was a valid attachment so as to create a lien upon the real estate of one Augustus Moulton, made February 15, 1875, in the suit of this defendant against said Moulton. If there was a valid attachment of Moulton's estate made, and a lien upon it thus created, defendant is to prevail; and the parties consent that the original " copy of return " filed with the register of deeds by the officer who made the attachment may be produced and inspected at the hearing in this court.

The question to be determined is as to the validity of the attachment.

The original paper filed by the officer in the registry of deeds, in pursuance of the requirements of R. S., c. 81, § 56, having been produced and inspected, justifies the finding of the judge at *nisi prius* that the name of the defendant in the action, Moulton, was so written that he could not decide whether it was Augusta or Augustu. It certainly was not Augustus. It might be read Augusta. The register seems to have read, filed and recorded it as an attachment of the real estate of Augusta Moulton.

Was a valid lien upon the real estate of Augustus Moulton thereby created ? It cannot be said that the officer complied with the requirement of the statute, c. 81, § 56. The " names of the parties " do not appear in the copy which he was required to file in the registry of deeds. The name of the defendant is not there,

nor any recognized abbreviation of it.    It will be time enough to
determine whether such abbreviations as the defendant's counsel
suggests would answer the purpose of creating a valid lien when
such a case is presented.    Meantime, officers had better under-
stand that the safe way is to make a copy of the name as it stands
in the writ.

The law requires this return for the benefit of the public and
the protection of purchasers.    There might as well be not any
attempt at compliance with the mandate of the statute as to send
a return written so blindly or carelessly that it either conveys no
information at all or misleads in any important particular like that
of the name of the party whose property is attached.

Nor is the misdescription one which will correct itself.    The
interpretation which the register gave the return was the one
which most readers, who saw the original without being acquainted
with the parties to the suit, would probably give, and it was
erroneous ; and the record entirely failed to give the notice con-
templated by the statute.    See *Dutton* v. *Simmons*, 65 Maine,
583.

*Judgment for demandants.*

APPLETON, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.